1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DIANE HALL,

                        Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                        Defendant.

Case No. 3:14-cv-05846-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of the defendant Commissioner's

denial of her applications for disability insurance benefits ("DIB") and supplemental security

income ("SSI").  Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local

Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate

Judge.  After reviewing the parties' briefs and the remaining record, the Court hereby finds that

for the reasons set forth below, the Commissioner's decision to deny benefits is reversed and that

this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On December 22, 2011, plaintiff protectively filed applications for DIB and SSI, alleging

disability as of January 1, 2009, due to depression, anxiety, high blood pressure, and bi-polar

disorder. See Administrative Record ("AR") 50, 61.  Her applications were denied upon initial

administrative review and on reconsideration. See AR 60, 71, 84, 96.  A hearing was held before

ORDER - 1

an administrative law judge ("ALJ") on March 14, 2013, at which plaintiff, represented by

counsel, appeared and testified, as did a vocational expert. See AR 30-47.

On April 10, 2013, the ALJ issued a decision in which plaintiff was determined to be not

disabled. See AR 12-23.  Plaintiff's request for review of the ALJ's decision was denied by the

Appeals Council on August 19, 2014, making the ALJ's decision the Commissioner's final

decision. See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481.  On October 29, 2014, plaintiff

filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF #3, 4.  The

administrative record was filed with the Court on April 17, 2015. See ECF #9.  The parties have

completed their briefing, and thus this matter is now ripe for judicial review and a decision by

the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for

award of benefits or further proceedings, because the ALJ erred:

(1) in discounting plaintiff's credibility;

(2) in evaluating the medical evidence in the record;

(3) in rejecting the lay witness evidence in the record;

(4) in assessing plaintiff's residual functional capacity; and

(5) in finding her to be capable of returning to her past relevant work.

The Court agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons

set forth below, finds that while the Commissioner's decision should be reversed, this matter

should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by

the Court, if the "proper legal standards" have been applied and the "substantial evidence in the

ORDER - 2

record as a whole supports" that determination. <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); <u>see</u> <u>also</u> <u>Batson v. Comm'r of Social Security Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004); <u>Carr v. Sullivan</u>, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." (citing <u>Brawner v. Sec'y of Health & Human Servs.</u>, 839 F.2d 432, 433 (9th Cir. 1987))).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation omitted); <u>see</u> <u>also</u> <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").  "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.'" (quoting <u>Rhinehart v. Finch</u>, 438 F.2d 920, 921 (9th Cir. 1971))). [1]

I.      The ALJ's Assessment of Plaintiff's Credibility

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

<u>Sorenson</u>, 514 F.2d at 1119 n.10.

ORDER - 3

Questions of credibility are solely within the control of the ALJ. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580.  In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579.  That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834.  The evidence as a whole must support a finding of malingering. See O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. See id.

ORDER - 4

Plaintiff alleged both physical and mental impairments.  She reported suffering from headaches, dizziness, nausea, severe depression, anxiety, and poor concentration and memory.  AR 16.  According to the ALJ, plaintiff's statements concerning the limiting effects of her symptoms were not entirely credible due to a lack of objective medical evidence and inconsistencies between the evidence and her alleged symptoms.  AR 17-18, 20.  Plaintiff contends that the evidence in the record does not support the ALJ's findings.  The Court agrees.

The ALJ determined that plaintiff's allegations were not fully credibly because they were inconsistent with medical evidence, particularly related to her severe depression and anxiety.  AR 20.  First, the ALJ noted that plaintiff's treating counselors reported appropriate appearance, behavior and affect.  AR 20.  While this finding is reflected in the record, the ALJ omits evidence of psychological symptoms from those same reports.  For example, plaintiff's treating therapist said that her appearance, affect, and behavior were appropriate, yet she scored in the "severe" range for both depression and anxiety on the Beck's Inventories.  AR 759.  In another session, the therapist again noted appropriate appearance, behavior, and affect while conducting a telephone session because plaintiff was too sad to leave her house.  AR 761.  During a different visit, the therapist described her appearance, behavior, and affect as appropriate while reporting that she "appeared more sad/upset this session."  AR 765.

In identifying the statements describing positive psychological signs, while ignoring other evidence of impairment, the ALJ engaged in impermissible cherry-picking.  See Garrison v. Colvin, 759 F.3d 995, 1018 n. 23 (9th Cir. 2014) (quoting Scott v. Astrue, 647 F.3d 734, 739-40 (7th Cir.2011)).  This selective use of evidence of normal functioning or lack of symptoms pervades the ALJ's decision. The ALJ found that medical providers saw no evidence of unusual anxiety or depression and had an appropriate mood and affect.  AR 20.  In support of this

ORDER - 5

finding, the ALJ noted multiple medical records that report "no unusual anxiety or evidence of depression."  See AR 267, 281, 292, 308. But, these brief findings are included as an aspect of routine physical exams conducted in the context of evaluating shoulder pain, women's health exam, a lump on her neck, and other physical complaints.  See AR 267, 291, 306.  The same records contain a chronic diagnosis of depression and documentation of plaintiff's psychiatric medication, including the antidepressant celexa.  AR 266, 268, 280, 282, 283, 291, 293, 308. The medical record noted no unusual anxiety or evidence of depression during two visits in which plaintiff and her health care provider specifically addressed her chronic depression.  AR 324-25, 351-53.  At one of these depression-related appointments, plaintiff's medical provider reported no unusual anxiety or evidence of depression in the routine physical examination section, yet specifically described "[s]he is experiencing irritable mood, diminished interest or pleasure, fatigue or loss of energy and feelings of guilt or worthlessness."  AR 351. The provider then increased the dosage of one of her antidepressant medications. AR 353.  This is a glaring example of the ALJ's selective consideration of evidence, relying on the cursory "no unusual anxiety or evidence of depression" statement and failing to consider the psychological symptoms noted elsewhere in the same treatment record.

The ALJ also cherry-picked evidence relating to plaintiff's physical complaints.  The ALJ found that plaintiff "made minimal complaints of fatigue, dizziness, and headache to medical providers.  She was repeatedly negative for chest pain, palpitations, and dyspnea."  AR 18.  But, the record contains multiple medical visits to address these very issues.  In August 2010, plaintiff visited the health clinic experiencing a chronic headache.  AR 302-03.  In November 2010, she complained of dyspnea, shortness of breath, dizziness and nausea.  AR 306. In August 2011 she experienced similar complaints of chest pain, dizziness, nausea, and heart

ORDER - 6

palpitations.  AR 346.  She reported a headache and fatigue.  AR 346-47.  In January 2012 she went to the emergency department with dizziness and headache and was diagnosed with positional vertigo.  AR 700.  Plaintiff did not complain about dizziness, headache, or dyspnea at every appointment, but she made more than the "minimal complaints" mentioned by the ALJ.  Once again, the ALJ focused on the medical records that lacked particular complaints, rather than the record as a whole, to discredit plaintiff's alleged symptoms.

The ALJ relied on cherry-picked treatment records to find plaintiff's alleged limitations inconsistent with the medical evidence.  The result is a credibility determination unsupported by substantial evidence.  The lack of substantial evidence is error requiring reversal. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

II.      The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

stating his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester, 81 F.3d at 830.  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson, 359 F.3d at 1195; see also Thomas, 278 F.3d at 957; Tonapetyan, 242 F.3d at 1149.  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Rachelle Langhofer, Ph.D. evaluated plaintiff in November 2010 and October 2011.  AR

238-50, 254-60.  In 2010, Dr. Langhofer diagnosed bipolar depression type II and chronic PTSD.
AR 242.  She observed anxiety, depression, and trauma related symptoms.  AR 240.  Based on a
mental status examination and clinical interview, Dr. Langhofer assessed that plaintiff had
moderate limitations in her ability to follow simple instructions, exercise judgment and make
decisions, and perform routine tasks.  AR 243.  She also found marked limitations in plaintiff's
ability to relate appropriately to co-workers and supervisors, respond appropriately to and
tolerate the pressures and expectations of a normal work setting, and maintain appropriate
behavior in a work setting.  AR 243.  Dr. Langhofer opined that plaintiff appeared capable of
easy repetitive work.  AR 243.

　　　In her 2011 assessment, Dr. Langhofer arrived at a different opinion of plaintiff's ability
to work.  According to Dr. Langhofer, plaintiff "may be capable of working possibly part-time in
organized and structured settings doing light labor or clerical type work, with services."  AR 257.
Dr. Langhofer noted delayed thought processes or cognitive dullness at times during the
evaluation.  AR 254.  She also observed sadness, depression, stress, and anxiety.  AR 255.  Dr.
Langhofer assessed moderate limitations in plaintiff's ability to perform routine tasks without
undue supervision, be aware of normal hazards, and communicate and perform effectively in a
work setting with limited public contact.  AR 256-7.  She assessed marked limitations in
plaintiff's ability to perform effectively in a setting with public contact and maintain appropriate
behavior in a work setting.  AR 257.  She thought that plaintiff had decompensated slightly since
her prior evaluation.  AR 258.

　　　The ALJ gave some weight to the 2010 opinion but rejected the marked limitations as
inconsistent with the clinical findings of treating counselors and medical providers.  AR 20-21.
However, as noted above, the ALJ selectively identified portions of the medical record showing

ORDER - 9

less impairment, while ignoring evidence of psychological symptoms and depression.  Dr. Langhofer's opinion is not inconsistent with the evidence of anxiety and depression in the medical record. Thus, the ALJ failed to provide a legitimate reason for rejecting the marked limitations assessed by Dr. Langhofer.

The ALJ gave little weight to Dr. Langhofer's 2011 opinion because "the doctor's evaluation of the claimant did not have the type of significant clinical abnormalities to substantiate the opinion."  AR 21.  Dr. Langhofer found plaintiff to have intact memory, good insight and judgment, and decent fund of knowledge.  AR 259.  Plaintiff could complete a three step task and perform serial 3's.  However, she made multiple errors in serial 7's, and Dr. Langhofer identified some delays in plaintiff's stream of mental activity.  AR 259.  Dr. Langhofer also noted plaintiff's reports of delusions, hallucinations, and suicidal ideation.  AR 259.  The ALJ rejected Dr. Langhofer's abnormal findings because "the doctor relied heavily on the claimant's subjective report of symptoms and limitations, and accepted most of what she reported" despite "good reasons for questioning the reliability of [claimant's] subjective complaints."  AR 21.

"A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'"  Morgan, 169 F.3d at 602.  But the ALJ's erroneous rejection of plaintiff's credibility makes this reasoning inapplicable.  Plaintiff's complaints were not properly discounted, therefore Dr. Langhofer's opinion based on these complaints may not be disregarded on this ground.

The ALJ failed to provide legitimate reasons to reject both of Dr. Langhofer's opinions.  Because the ALJ improperly discounted an opinion from an examining or treating doctor, the

ORDER - 10

ALJ "provided an incomplete residual functional capacity determination." <u>Hill v. Astrue</u>, 698 F.3d 1153, 1161 (9th Cir. 2012). When the RFC is incomplete, the hypothetical question presented to the vocational expert is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." <u>See</u> <u>id</u>. at 1162. The result is harmful error requiring reversal.

III.     <u>The ALJ's Evaluation of the Lay Witness Evidence in the Record</u>

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." <u>Lewis v. Apfel</u>, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. <u>Id.</u> at 512.

Plaintiff's granddaughter, Delynn Hughes provided a third party function report describing plaintiff's ability to care for herself. AR 205-212. The ALJ determined that Ms. Hughes' statements "are credible only to the extent that it reflects personal observations, but not as a basis for establishing the claimant's capability to perform work related tasks." AR 22. Ms. Hughes' statement described plaintiff ability to perform her activities of daily living such as cooking, social activities, and shopping. AR 205-212. This information, while pertinent to plaintiff's condition and credibility, did not provide direct comment on plaintiff's ability to work. The ALJ's consideration of Ms. Hughes' lay evidence was not improper.

//

//

ORDER - 11

1

IV.     Disposition

2

The ALJ erroneously discredited plaintiff's testimony and discounted the marked

3

impairments noted by Dr. Langhofer.  Reversal is required.  Plaintiff contends that reversal for

4

award of benefits is the proper remedy.

5

The Court may remand for an award of benefits where:

6

7

> the record has been fully developed and further administrative
> proceedings would serve no useful purpose; (2) the ALJ has failed to
> provide legally sufficient reasons for rejecting evidence, whether
> claimant testimony or medical opinion; and (3) if the improperly
> discredited evidence were credited as true, the ALJ would be required
> to find the claimant disabled on remand.

8

9

10

*Garrison*, 759 F.3d at 1020.  Remand for award of benefits occurs in rare circumstances.

11

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  Remand for

12

further proceedings is appropriate where "critical factual issues remain unresolved."  *Brown-*

13

*Hunter v. Colvin*, __ F. 3d __, 2015 WL 4620123, at *1 (9th Cir. 2015).

14

Here, the ALJ's failure to properly evaluate plaintiff's credibility and Dr. Langhofer's

15

opinions means that the RFC may not account for all of plaintiff's limitations.  Therefore,

16

plaintiff's true RFC is a critical factual issue that must be resolved in order to complete the

17

disability analysis.  Additional proceedings are necessary to correct the ALJ's errors and

18

determine an accurate RFC.  On remand, the ALJ should reconsider plaintiff's testimony and the

19

opinion evidence provided by Dr. Langhofer; further develop the record as necessary; reassess

20

the RFC; and proceed with steps four and five of the sequential evaluation process.

21

CONCLUSION

22

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded

23

plaintiff was not disabled.  Accordingly, defendant's decision is REVERSED and this matter is

24

25

26

ORDER - 12

1    REMANDED for further administrative proceedings in accordance with the findings contained

2    herein.

3        DATED this 15th day of October, 2015.

4

5

6

7        Karen L. Strombom
         United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 13